980 F.2d 733
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
ALLSTATE INSURANCE COMPANY, Plaintiff-Appellee,
v.
DeWayne DesJarlais, Karen DesJarlais, Jennifer K.
DesJarlais, et al., Defendants-Appellants.
 No. 91-3871.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 20, 1992.
Decided Nov. 30, 1992.
 
 Before BAUER, Chief Judge, POSNER, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Allstate Insurance Company ("Allstate") sought a declaratory judgment that it was not required to provide medical expense or liability coverage for injuries sustained by the DesJarlais children, Jennifer, Joseph and Jacob, while they were living with their great aunt, Edith Shockley ("Edith"), the holder of an Allstate homeowner's policy. The district court granted Allstate's summary judgment motion on the basis of undisputed facts. The sole issue before this Court is whether the district court correctly determined that, as a matter of Indiana law, the DesJarlais children were "residents" of Edith Shockley's household at the time of their injuries and therefore were excluded from the definition of "insured person" contained in the policy. We have jurisdiction over the appeal of this final disposition pursuant to 28 U.S.C. § 1291.
 
 
 2
 The district court based its decision on two findings. The first is that the children maintained more than a mere physical presence in the household because they lived there continuously for eight weeks, completely depending on Edith for food, clothing, medicine, shelter and parental care. The second is the subjective intent of all the parties that the children stay in the household for more than a transitory period; the length of the stay in this case was indefinite.
 
 
 3
 Our review of the briefs and the record leads us to conclude that the district court carefully considered all issues when granting Allstate's summary judgment motion. We affirm for the reasons stated in the district court's thorough opinion, which may be found at 793 F.Supp. 852.